IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL A. MOREL THEN | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-00800-CCW |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT ARROW BUILDERS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Great Arrow Builders, LLC's Motion to Dismiss Count II of Plaintiff Rafael Morel Then's Complaint, relating to alleged violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*  Having been fully briefed, this motion is now ripe for disposition.

### I.      Background

On June 1, 2020, Plaintiff initiated this action by filing his "Collective and Class Action Complaint," seeking damages on behalf of himself and putative collective/class members for Defendant's alleged failure to pay certain wages (including overtime) as required under the PMWA and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  ECF No. 1.  As relevant here, Plaintiff alleges that Defendant required its workers, including Plaintiff, to park their personal vehicles at a company-controlled parking lot before boarding company-owned busses to be driven to their jobsite each day.  *Id.* at ¶ 23–25.  Defendant's workers were then returned to the company-controlled parking lot via those same company-owned busses at the end of each shift. *Id.*  Plaintiff claims that Defendant failed to include the travel time from the company-controlled

parking lot to the jobsite—which could take upwards of 20 minutes each way—in its computation of the hours worked by each employee for purposes of wages and overtime. *Id.* at ¶¶ 23, 25, 27.

On July 30, 2020, Defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint, in part, arguing that Plaintiff's travel time claim under the PMWA "must be dismissed with prejudice because it is pre-empted" by the FLSA. ECF No. 9 at 1. In short, Defendant asserts that the PMWA is "conflict preempted" by the FLSA because "the PMWA is less generous than the FLSA with regard to travel-time claims." ECF No. 10. at 5. According to Defendant, this is because "while the PMWA requires overtime compensation for travel occurring only 'during normal working hours,' the FLSA requires an employer to pay wages for time spent traveling outside of normal working hours under certain circumstances." *Id.* In support of this proposition, Defendant relies principally on *Espinoza v. Atlas R.R. Constr., LLC*, No. CV 15-1189, 2016 WL 279000, *4 (W.D. Pa. Jan. 22, 2016) (finding that travel time on days plaintiff was not scheduled to work was not compensable under PMWA), *aff'd*, 657 F. App'x 101 (3d Cir. 2016), and *Sarrazin v. Coastal, Inc.*, 89 A.3d 841 (Conn. 2014) (finding FLSA preempted state wage and hour law where state law did not provide for compensation for regular commute but FLSA, under certain circumstances, might). ECF No. 10. at 15–19. Defendant concludes from these holdings that "the PMWA falls below the 'floor' set by the FLSA" for the type of travel time at issue here, and Plaintiff's claim for unpaid travel time under the PMWA should be dismissed. *Id.* at 19.

Plaintiff, in opposing Defendant's preemption theory, argues that Defendant's contention that the PMWA provides less generous protections than the FLSA with regard to Plaintiff's travel time claim is at odds with more recent persuasive authority from the United States Court of Appeals for the Third Circuit. *Id.* at 10 (discussing *Smith v. Allegheny Techs., Inc.*, 754 Fed.Appx. 136 (3d Cir. 2018). Plaintiff notes that the unanimous panel in *Smith*—which explicitly disagreed

with the non-precedential holding of the divided panel in *Espinoza*—found that "the PMWA requires compensation for a broader range of activities, including travel time, than the FLSA." *Id.* at 11 (citing *Smith,* 754 Fed.Appx. at 14-41). Plaintiff further points out that the claims in *Espinoza* and *Sarrazin* are distinguishable from his own because *Espinoza* involved long-distance travel on days the plaintiff was not scheduled to work, and the *Sarrazin* court specifically found that compensation for an employee's regular daily commute was expressly barred by the Connecticut statute. ECF No. 14 at 13–14. Neither situation, according to Plaintiff, is applicable here: Plaintiff is not seeking compensation for travel time on non-working days or for his regular commute from his home to the company-controlled lot. *Id.* at 14. Accordingly, Plaintiff contends that, at the very least, Defendant has failed to establish that the affirmative defense of preemption is clear on the face of the Complaint, and the Motion should be denied. *Id.* at 15.

## II.     Legal Standard

"Preemption is an affirmative defense that the defendant has the burden to prove." *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (citing *In re Asbestos Prod. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016) ). "To prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense…a defendant must show that 'the defense is "apparent on the face of the complaint" and documents relied on in the complaint.'" *Id.* (quoting *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 923 n.2 (3d Cir. 2015) (quoting Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014))). In analyzing a motion to dismiss based on the affirmative defense of preemption, "[f]acts alleged in the complaint are accepted as true for purposes of the motion." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, dismissal on preemption grounds at the motion to dismiss stage is only appropriate where "'preemption is manifest in the complaint itself.'" *Id.* (quoting *In re Asbestos*, 822 F.3d at 133 n.6).

Under the Supremacy Clause, "the Laws of the United States…shall be the supreme Law of the Land," U.S. Const. art. VI, and "'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.'" *Kurns v. A.W. Chesterton, Inc.*, 620 F.3d 392, 395 (3d Cir. 2010) (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)). As relevant here, "[i]mplied conflict preemption occurs when it is either 'impossible for a private company to comply with both state and federal requirements, or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Kurns,* 620 F.3d at 395 (quoting *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990)). In analyzing whether federal law "preempt[s] state law claims that pertain to 'areas of traditional state regulation' or police power," as is the case with "regulation of 'the employment relationship to protect workers in the State' such as regulation of 'minimum wage and other wage laws,'" courts apply a "presumption against preemption." *Id.* (citations omitted); *see also Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987) ("[P]re-emption should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State."). Accordingly, and in light of the FLSA's savings clause, 29 U.S.C. § 218(a), courts have determined that state labor laws enacting standards at least as protective of workers as those under the FLSA are not conflict preempted by federal law. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2012) (rejecting conflict preemption argument where state labor law enacted standards "identical with those established in the FLSA.").

## III.   Analysis

Under the regulations implementing the PMWA, travel time is compensable when it is "time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work." 34 Pa. Code § 231.1. Therefore, to determine whether travel time is compensable under this provision, courts apply a

two-prong test to determine "whether the travel time was (1) part of the employee's duties and (2) during normal working hours." *Smith*, 754 Fed.Appx. at 140.  On the other hand, under the FLSA, as amended by the Portal-to-Portal Act, "employees will receive overtime pay for commuting when the commute is (1) a principal activity or (2) integral and indispensable to a principal activity." *Id.* at 139;  *see also* 29 U.S.C. § 254(a).  At the outset, then, the Court notes that the FLSA's "integral and indispensable" standard is *different* than the PMWA's requirement that travel time be "part of the duties of the employee during normal working hours."  This difference is important to the analysis here because there may be situations where travel time is compensable under the FLSA that would not be under the PMWA—and *vice versa*.

Indeed, the Third Circuit found in *Smith* that an employee's "duties" (typically defined by an employment contract) may be different than activities that are "integral and indispensable" to the principal employment activity.  *See* 754 Fed.Appx. at 141 (noting that, in evaluating a travel time claim under the PMWA, "[n]either the principal activity nor the integral or indispensable test applies").  Thus, for example, the court in *Smith* recognized that while the plaintiffs in that case might have a viable claim under the PMWA if time spent riding in their employer's vans to cross picket lines was a "duty" under their employment contract (which was not in the record before the court), they would not have a claim under the FLSA because such travel time could not be considered "integral and indispensable" to their principal activity of making steel.  *Id.* at 140–41.  Although no preemption defense was raised in *Smith*, the logical implication of the decision is that the PMWA may require compensation for travel time in certain factual scenarios where the FLSA would not.  *See id.* at 141 ("But Pennsylvania has not enacted the Portal-to-Portal Act, and Pennsylvania law requires compensation for a broader range of activities, including travel time, than the FLSA.").

The cases Defendant relies on do not persuade the Court that the FLSA preempts the PMWA for the travel time at issue here. First, the *Sarrazin* court noted that its analysis was confined "to the facts of the present case," in which plaintiff, a plumber, drove a company work truck to and from his home to his assigned jobsites. *Sarrazin*, 89 A.3d at 587–88, 603. Next, the *Sarrazin* court found that because the Connecticut "regulation provides for no compensation for an employee's regular commute," whereas the FLSA "does allow for compensation for an employee's regular commute under certain circumstances, preemption applies." *Id.* at 607. The state regulation at issue in *Sarrazin*, however, is distinguishable from the PMWA; while Connecticut law "provides no compensation for an employee's regular commute," the PMWA does—if such time is (1) part of the employee's duties and (2) during normal working hours.

Defendant also leans heavily on *Espinoza*, 2016 U.S. Dist. LEXIS 7561 (W.D. Pa. Jan 22, 2016), in which Magistrate Judge Kelly found that a railroad worker's long-distance travel away from home to his assigned jobsites "on days he was not scheduled to work at all" was not compensable under the PMWA. *Id.* at *11. There, the court primarily focused on the "normal working hours" prong of the inquiry and found that while "travel on regular work days as well as travel during corresponding hours on non-work days is compensable" under the FLSA, the same is not true under the PMWA. *Id.* at *12–*13. Again, as with *Sarrazin*, *Espinoza* is distinguishable from this case: here, Plaintiff does not seek compensation for time spent travelling on days he was not scheduled to work, but for travel time on days he did work. As the Court in *Smith* made clear, such time may be compensable under the PMWA. *See* 754 Fed.Appx. at 141. Furthermore, while a divided panel of the Third Circuit affirmed the decision in *Espinoza* in a non-precedential decision, *see* 657 Fed.Appx. 101 (3d Cir. 2016), the unanimous panel of the Third Circuit in *Smith* (also a non-precedential decision) expressly rejected the reasoning of the divided panel in

6

*Espinoza*, and looked to an earlier, precedential decision of the Third Circuit for guidance.  *See Smith* 754 Fed.Appx. at 141 (citing *Pa. Fed'n of the Brotherhood. of Maint. of Way Emps by Dodd v. Nat'l R.R. Passenger Corp. (Amtrak),* 989 F.2d 112, 116 (3d Cir. 1993)).  Specifically, in *Amtrak*, the Third Circuit held that cases involving travel time under the PMWA require courts "to inquire into the underlying employment agreement" to ascertain whether such travel is among the "duties of the employee."  *Amtrak*, 989 F.2d at 116.

In sum, preemption is an affirmative defense which must be clear on the face of the complaint for a 12(b)(6) motion to succeed.  The compensability of the travel time at issue under either the PMWA or FLSA is a fact-specific inquiry, and Defendant has not shown that the travel time protections under the PMWA are less generous than those found under the FLSA.  The Court therefore determines that Defendant has failed to carry its burden with respect to preemption at this early stage of the case.

### IV.   Conclusion

For the foregoing reasons, Defendant Great Arrow Builders, LLC's, Motion to Dismiss is hereby DENIED WITHOUT PREJUDICE, and may be renewed at the summary judgment stage.


DATED this 14th day of January, 2021.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record