IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL A. MOREL THEN | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-00800-CCW |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT ARROW BUILDERS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER APPROVING JOINT STIPULATION TO CONDITIONAL CERTIFICATION OF THE FLSA COLLECTIVE**

Before the Court is the parties' Joint Stipulation to Conditional Certification of the FLSA Collective ("the Stipulation"), ECF No. 40, which seeks to conditionally certify the case as a collective action pursuant to 29 U.S.C. § 216(b) to include "All current and former Union-Represented Hourly Craft Workers who worked for Defendant at any time from November 2018 to present." ECF No. 40 at 1.

A court can conditionally certify a Fair Labor Standards Act ("FLSA") collective action if the plaintiff makes a "modest factual showing" that she is similarly situated with the other members of the proposed collective action: "[t]his is a lenient standard, requiring the plaintiff to produce 'some evidence, "beyond pure speculation," of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees.'" *Jones v. Alliance Inspection Mgmt., LLC*, Civil Action No. 13-1662, 2014 WL 1653112, at *11 (W.D. Pa. Apr. 24, 2014) (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192–93 (3d Cir. 2011), *rev'd on other grounds*, 133 S.Ct. 1523 (2013) (quoting *Smith v. Sovereign Bancorp, Inc.*, Civil Action No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. 2003))).

1

In support of their Stipulation to conditionally certify this case as a collective action, the parties agree that

> there is a factual nexus between the manner in which Defendant's alleged policy affected Plaintiff and Putative Collective Members. These common agreed to facts include, for example, Plaintiff and Putative Collective Members were each Union-Represented Hourly Craft Workers of different titles, who received the site allowance payments pursuant to a collectively bargained agreement that covers each of them. Defendant has admitted that payment of the Site Allowance is common to all of its Union-Represented Hourly Craft Workers.

ECF No. 40 at 2–3. As such, "the parties agree that the lenient modest factual showing standard to conditionally certify an FLSA collective for purposes of sending notice is satisfied." *Id* at 2. The parties further agree that notice to potential members of the collective should be delayed until after the parties have completed their mediation session, which is scheduled for July 27, 2021. *Id.* at 3.

Pursuant to the parties' Stipulation, the Court is satisfied that that Plaintiff and the members of the proposed collective action are similarly situated given the "lenient standard" set forth above. Therefore, the Court ORDERS that this case is conditionally certified as a collective action under 29 U.S.C. § 216(b) and will proceed as such until further order of the Court. The collective action shall consist of the following:

> **All current and former Union-Represented Hourly Craft Workers who worked for Defendant at any time from November 2018 to present.**

IT IS FURTHER ORDERED that the Court authorizes the Proposed Notice and Consent Form filed as part of the Stipulation, ECF No. 40-1, to be delivered or otherwise disseminated by mail in accordance with the schedule set forth below.

IT IS FURTHER ORDERED that, should the parties be unable to resolve this case through their mediation session set for July 27, 2021, the parties shall comply with the following schedule:

| | |
|---|---|
| **No later than August 10, 2021** | Counsel for Defendants shall provide to Collective Counsel in Excel (.xlsx) format the following information regarding all Putative Collective Members: full names; last known mailing addresses with city, state, and zip code; last known telephone number; and all known email addresses. |
| **No later than August 17, 2021** | Collective Counsel must send a copy of the Court-approved Notice and Consent Form, and postage paid return envelope (collectively "Notice Package") to every Putative Collective Member by First Class U.S. Mail. |
| **No later than October 1, 2021** | The Putative Collective Members shall have until October 1, 2021 to return their signed Consent Forms to Collective Counsel for filing with the Court (the "Notice Period"). |
| **No later than October 6, 2021** | Collective Counsel shall file with the Court all signed Consents to Join. |
| **No later than October 8, 2021** | Counsel for the parties must meet and confer and file a proposed discovery plan for the remainder of litigation. |

IT IS FURTHER ORDERED that the Court shall hold a telephonic status conference on **October 14, 2021** at **9:00 a.m.** The parties are not required to file confidential position letters in advance of this conference.

DATED this 3rd day of June, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record