IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL A. MOREL THEN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                            Plaintiff,<br><br>v.<br><br>GREAT ARROW BUILDERS LLC,<br><br>                            Defendant. | Case No.: 2:20-cv-00800-CCW<br><br>Judge Christy Criswell Wiegand |

**DEFENDANT GREAT ARROW BUILDERS LLC'S ANSWER
AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S
SECOND AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Great Arrow Builders LLC ("Great Arrow"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative and Other Defenses to the Second Amended Collective Action Complaint (the "Complaint") filed by Rafael A. Morel Then ("Plaintiff") as follows:

**NATURE OF THE ACTION**

1. Great Arrow admits only that Plaintiff's Complaint purports to state a claim to recover certain compensation for himself and others he contends are similarly situated to him. Great Arrow denies the factual allegations set forth in paragraph 1 and specifically denies that it is or could be held liable for purported "unpaid overtime premium wages." The remaining allegations set forth in paragraph 1 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

2. Great Arrow admits only that Plaintiff purports to assert a collective claim pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* on behalf of himself and certain other of Great Arrow's non-exempt, hourly employees. Great Arrow denies the factual

1

allegations set forth in paragraph 2. Great Arrow specifically denies that a collective action is appropriate in this case and that Plaintiff and/or any other opt-in plaintiff(s) is entitled to any relief or damages whatsoever in this matter. The remaining allegations set forth in paragraph 2 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

## JURISDICTION AND VENUE

3. Great Arrow admits only that Plaintiff purports to bring claims under 29 U.S.C. § 216(b), and that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. The remaining jurisdictional allegation set forth in paragraph 3 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, the allegation is denied.

4. Great Arrow admits only that Plaintiff attempts to invoke 28 U.S.C. § 1391 to demonstrate that this Court is a proper venue for his claims. The remaining jurisdictional allegation set forth in paragraph 4 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, the allegation is denied.

5. Great Arrow admits that it maintains a headquarter address of 300 Frankfort Road, Monaca, Pennsylvania, and regularly conducts business in this judicial district.

6. The allegation set forth in paragraph 6 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, the allegation is denied.

## THE PARTIES

7. Great Arrow admits that its records reflect that Plaintiff was an hourly employee of Great Arrow from November 28, 2018, to January 28, 2020 and from September 1, 2020 through the date on which this pleading was filed.

8. Great Arrow admits that its records reflect that Plaintiff resided in Pennsylvania during his periods of employment by Great Arrow.

9. Great Arrow admits that its records reflect that Plaintiff was an hourly employee of Great Arrow from November 28, 2018 to January 28, 2020 and from September 1, 2020 through the date on which this pleading was filed. Great Arrow denies the remaining allegation set forth in paragraph 9.

10. Great Arrow admits that it is a Limited Liability Company with its principal place of business at 300 Frankfort Road, Monaca, Pennsylvania. It denies the remaining allegations set forth in paragraph 10.

11. The allegation set forth in paragraph 11 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, the allegation is denied.

## FACTUAL ALLEGATIONS

12. Great Arrow admits that its records reflect that it employs Plaintiff and other craft labor as non-exempt, hourly employees to perform construction work within the site where Great Arrow is building an ethylene cracker in Monaca, Pennsylvania.

13. Great Arrow admits that it is building an ethylene cracker in Monaca, Pennsylvania. It denies the allegation that it operated "around Pennsylvania."

14. The allegations set forth in paragraph 14 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

15. The allegations set forth in paragraph 15 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

16. Great Arrow admits that it paid to Plaintiff and other non-exempt, hourly craft employees an hourly wage and that the rate of pay varied based on several factors, including negotiations with labor unions. Great Arrow denies the remaining allegations set forth in paragraph 16.

17. The allegations set forth in paragraph 17 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

18. Great Arrow admits that its records reflect that, during the periods in which it employed Plaintiff, it paid to Plaintiff and other non-exempt, hourly employees an hourly wage and that it paid to eligible non-exempt, hourly employees certain collectively bargained transportation reimbursements, including one called a Site Allowance, which was paid to eligible employees in the amount of $14 per day worked. Great Arrow admits that its records reflect that Plaintiff received the Site Allowance.

19. Great Arrow admits that its records reflect that it paid a Site Allowance per day worked to those non-exempt, hourly employees that Great Arrow determined to be eligible for such transportation reimbursements pursuant to the collectively bargained eligibility criteria.

20. The allegation set forth in paragraph 20 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

21. Great Arrow admits that it paid its non-exempt, hourly craft employees a rate of time and a half for overtime hours and that it did not include into any regular rate calculation the Site Allowance, a collectively bargained transportation reimbursement paid to eligible employees in the amount of $14 per day worked.

22. The allegation set forth in paragraph 22 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

23. Great Arrow denies that it owes to Plaintiff or any non-exempt hourly employees unpaid overtime compensation. The remaining allegation set forth in paragraph 23 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

24. Great Arrow denies the allegation as it relates to any purported class action, which Plaintiff does not assert in his Complaint. Great Arrow denies the remaining allegation set forth in paragraph 24.

25. Great Arrow denies the allegation as it relates to any purported class action, which Plaintiff does not assert in his Complaint. Great Arrow is without sufficient information to admit or deny the remaining allegations set forth in paragraph 25 because it does not know what Plaintiff means by the phrase "totality of work." To the extent a response to the remaining allegations set forth in paragraph 25 is deemed to be required, Great Arrow denies those allegations.

26. The allegation set forth in paragraph 26 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

27. Great Arrow denies the allegation as it relates to any purported class action, which Plaintiff does not assert in his Complaint. The allegation set forth in paragraph 27 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

28. Great Arrow denies that it failed to comply with the FLSA. The remaining causation allegations set forth in paragraph 28 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

29. Great Arrow denies that it is liable under the FLSA. The remaining allegations set forth in paragraph 29 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Great Arrow admits only that Plaintiff purports to assert a collective-action claim pursuant to 29 U.S.C. § 216(b). Great Arrow denies that a collective action is appropriate in this case.

31. Great Arrow is without sufficient information to admit or deny the allegation set forth in paragraph 31 regarding what Plaintiff "desires" to do. To the extent a response to the allegation set forth in paragraph 31 is deemed to be required, Great Arrow denies the allegation set forth in this paragraph.

32. Great Arrow denies the factual allegations set forth in paragraph 32 purporting to demonstrate that Plaintiff and potential opt-in plaintiffs are "similarly situated." The remaining

allegations set forth in paragraph 32 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

33. The allegations set forth in paragraph 33 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

34. The allegations set forth in paragraph 34 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

35. The allegations set forth in paragraph 35 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

36. The allegations set forth in paragraph 36 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.  By way of further response, Great Arrow denies that a collective action is appropriate in this case.

37. Great Arrow denies that it failed to pay proper overtime wages to Plaintiff or other non-exempt, hourly employees.  The remaining allegations set forth in paragraph 37 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.  By way of further response, Great Arrow denies that a collective action is appropriate in this case.

## FIRST CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT

38. Great Arrow incorporates by reference its responses to the allegations set forth in paragraphs 1-37 of the Complaint as if fully restated here.

39. The allegation set forth in paragraph 39 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, the allegation is denied.

40. The allegation set forth in paragraph 40 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, the allegation is denied.

41. Great Arrow denies that it failed to pay Plaintiff or other non-exempt, hourly craft employees a rate of time and a half for overtime hours or that it was obligated to include in their regular rate calculation the Site Allowance, a collectively bargained transportation reimbursement paid to eligible employees in the amount of $14 per day worked. The remaining allegations set forth in paragraph 41 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

42. Great Arrow denies the factual allegation set forth in paragraph 42 asserting that Great Arrow failed to pay Plaintiff and other non-exempt, hourly craft employees for all wages earned and for wages earned at the appropriate rate. The remaining allegations set forth in paragraph 42 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

43. The allegations set forth in paragraph 43 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

44. The allegations set forth in paragraph 44 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations

are denied. By way of further response, Great Arrow denies that Plaintiff and any potential opt-in plaintiffs are entitled to any recovery whatsoever.

## DEMAND FOR TRIAL BY JURY

45. To the extent a response is required to this paragraph, Great Arrow admits that Plaintiff purports to seek a jury trial.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiff's *ad damnum* paragraph, Great Arrow admits only that Plaintiff seeks the relief described in this unnumbered paragraph and sub-sections (a) through (h). Great Arrow denies that any "Class Action Members" are entitled to relief, as Plaintiff states no such action; that collective action is appropriate in this case; that any of Plaintiff's claims have merit; and that Plaintiff or any other opt-in plaintiff(s) are entitled to any relief or damages whatsoever in this matter. Great Arrow denies the remaining allegations contained in Plaintiff's Prayer for Relief.

Great Arrow denies any allegations contained in Plaintiff's Complaint that are not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's (and any other purported opt-in plaintiff's) claims fail, in whole or in part, because he cannot demonstrate facts sufficient to establish liability on the part of Great Arrow under any theory stated in his Complaint.

### SECOND DEFENSE

Plaintiff's (and any other purported opt-in plaintiff's) claims fail, in whole or in part, because Great Arrow paid all compensation to which he is entitled under applicable law.

### THIRD DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims are barred, in whole or in part, because the Site Allowance was a collectively bargained transportation reimbursement that, as a matter of law, was not required to be included in the regular rate.

### FOURTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims are barred, in whole or in part, by statutory exclusions, exceptions, or credits available to Great Arrow under federal law, including without limitation in 29 U.S.C. § 207.

### FIFTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims are barred, in whole or in part, because Great Arrow's policies, practices, and procedures were in accordance with applicable federal law.

### SIXTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims are barred, in whole or in part, as to all hours allegedly worked that Great Arrow did not suffer or permit be worked and/or of which Great Arrow lacked actual or constructive knowledge.

### SEVENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims or claims for damages are barred, in whole or in part, and/or recovery is precluded or limited because any conduct of Great Arrow was not willful.

## EIGHTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims fail, in whole or in part, because Great Arrow acted in good faith and had reasonable grounds for believing that it was in compliance with federal labor laws and regulations.

## NINTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims for damages fail, in whole or in part, to the extent that his requested relief is not available in or is beyond those provided under the statutes pursuant to which he seeks relief.

## TENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims fail to the extent they claim an entitlement to unpaid overtime wages during any period of time they worked less than forty (40) hours a week under federal law.

## ELEVENTH DEFENSE

Plaintiff (and any purported opt-in plaintiff) is not entitled to final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to potential opt-in plaintiffs.

## TWELFTH DEFENSE

Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiff's claims and the claims of any opt-in plaintiff(s) and each of Great Arrow's defenses is required.

## THIRTEENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims fail to the extent he waived and/or released his claims, and/or his claims are barred by the doctrine of estoppel.

## FOURTEENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims fail, in whole or in part, to the extent barred by the applicable statutes of limitations.

## FIFTEENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims fail, in whole or in part, because of the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims fail, in whole or in part, to the extent barred by the doctrine of laches.

## SEVENTEENTH DEFENSE

Plaintiff's (and any purported opt-in plaintiff's) claims are barred, in whole or in part, by the doctrines of waiver, settlement, accord and satisfaction, set-off, and/or ratification.

## EIGHTEENTH DEFENSE

The Collective Bargaining Agreement between Defendant and the labor unions representing hourly craft employees, is Plaintiff's employment agreement and provides the terms and conditions of employment with respect to Plaintiff's federal claims.

## NINETEENTH DEFENSE

As a matter of law, Plaintiff (and any purported opt-in plaintiff's) is not entitled to punitive damages.

|  |  |
|---|---|
| Date: June 16, 2021 | **JONES DAY**<br><br>/s/ *James S. Urban*<br>James S. Urban (Pa. I.D. 82019)<br>Katherine McLay (Pa. I.D. 320191)<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219-2514<br>Telephone: (412) 391-3939<br>jsurban@jonesday.com<br>kmclay@jonesday.com<br><br>*Attorneys for Defendant*<br>*Great Arrow Builders LLC* |