Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL A. MOREL THEN, Individually and on Behalf of All Other Persons Similarly Situated, | Civil Action No.: 2:20-cv-00800 |
| Plaintiff, | Hon. Christy Criswell Wiegand |
| v. | |
| GREAT ARROW BUILDERS, LLC, | |
| Defendant. | |

### THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Rafael A. Morel Then ("Plaintiff"), individually and on behalf of all others similarly situated, by his undersigned attorneys, files this Amended Class and Collective Action Complaint (the "Complaint") against Defendant Great Arrow Builders, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. 333.101, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

### INTRODUCTION

1. This lawsuit seeks to recover unpaid wages and overtime compensation for Plaintiff and other similarly situated co-workers who work or have worked for Defendant Great Arrow Builders, LLC. The gravamen of Plaintiff's complaint is that Great Arrow Builders, LLC violated the law by failing to include a $14 per day Site Allowance in the "regular rate" used to calculate the overtime compensation owed to employees.

2. Plaintiff alleges, on behalf of himself and other similarly situated current and former non-exempt hourly employees (collectively "Hourly Employees") employed by Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, (i) unpaid overtime premium wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. 333.101, *et seq*.

3. Plaintiff also brings this action, pursuant to Fed. R. Civ. P. 23 to remedy violations of PMWA, on behalf of himself and all similarly situated current and former Union-represented Hourly Employees who worked in Pennsylvania and whose applicable labor agreement entitled them to be paid a $14 Site Allowance for each day worked (hereinafter the "Pennsylvania Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Upon information and belief, Great Arrow Builders, LCC is headquartered in, and regularly conducts business in, this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. At all relevant times, Plaintiff Rafael A. Morel Then was an hourly employee of Great Arrow Builders, LLC.

9. At all relevant times, Plaintiff Rafael A. Morel Then was a resident of Pennsylvania.

10. During all relevant times, Plaintiff was employed by Defendant, including periods from approximately December 2018 through the present.

11. Defendant Great Arrow Builders, LLC is a business corporation with its principal place of business at 1413 9th Avenue, Beaver Falls, Pennsylvania 15010-4106.

12. At all times relevant herein, Great Arrow Builders, LLC has been an employer within the meaning of the FLSA and PMWA.

## FACTUAL ALLEGATIONS

13. Defendant employed Plaintiff and the Collective and Class Action Members as Hourly Employees who perform construction work.

14. Defendant operated in and around Pennsylvania during the relevant time period.

15. Defendant maintains control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff and the Collective and Class Action Members.

16. Plaintiff and the Collective and Class Action Members' work as Hourly Employees was integrated into and performed in the normal course of Defendant's business.

17. Plaintiff and other Hourly Employees were paid approximately $34 per hour, though the pay rate may vary by position and seniority.

18. During the relevant period, Hourly Employees were governed by common pay policies.

19. During the relevant period, Great Arrow Builders, LLC paid its Hourly Employees on an hourly basis in addition to Site Allowance pay. Plaintiff was paid an additional $14 per day for the Site Allowance pay.

20. Other Hourly Employees were similarly paid the Site Allowance pay.

21. The Site Allowance pay was not discretionary.

22. During the relevant period, Great Arrow Builders, LLC paid time and a half overtime but did not include the Site Allowance pay in calculating the regular rate and in calculating the overtime rate.

23. During the entire time that Plaintiff was employed by Defendant, Plaintiff was not paid properly for his time as detailed herein.

24. Some or all of the overtime compensation due to Plaintiff and the Hourly Employees remained unpaid for thirty days beyond the regularly scheduled payday.

25. Plaintiff and all members of the Class and Collective Action were paid in the same manner.

26. Defendant is aware of the totality of work that Plaintiff and the Class and Collective Action Members performed.

27. This work did not require managerial responsibilities or the exercise of meaningful decision-making on matters of significance that impacted the business and no interaction with the management of the home office.

28. Throughout the Class and Collective Action periods, the primary job duties of Plaintiff and the Class and Collective Action Members did not include hiring, firing, disciplining, or directing the work of other employees, nor exercising meaningful, independent judgment and discretion.

29. Defendant's failure to comply with the FLSA and PMWA has caused Plaintiff and Collective Members to suffer lost wages and interest therein.

30. Defendant is liable under the FLSA and PMWA for, inter alia, failing to properly pay overtime wages to Plaintiff and similar employees.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members as defined above.

32. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

33. Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's above-described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over 40 during a workweek.

34. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

35. Specifically, Defendant failed to pay Plaintiff and the Collective Action Members the legally required amount of overtime compensation per workweek after including the Site Allowance pay in determining the regular rate of pay and overtime rate of pay, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), 29 C.F.R. § 778.104, and 29 C.F.R. § 778.211(c).

36. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll record which Defendant was required to maintain pursuant to the FLSA, *see* 29 U.S.C. § 211(c); 29 C.F.R. § 215.2 *et seq*.

5

37. Conditional certification of this case as a collective matter pursuant to U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email, and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

38. There are many similarly situated current and former Hourly Employees who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

39. Plaintiff, on behalf of himself and all Pennsylvania Class Members, realleges and incorporates by reference the preceding paragraphs.

40. Plaintiff and all Members of the Pennsylvania Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

41. Defendant violated the PMWA because it failed to pay Plaintiff and the Pennsylvania Class at a rate of 1.5 times their regular hourly rate including the Site Allowance pay for hours worked in excess of 40 hours per week, pursuant to 43 P.S. 333.101, *et seq*.

42. Although the precise number of the Pennsylvania Class is unknown, Members are readily identifiable and can be located through Defendant's records.

43. Questions of law and fact common to Plaintiff and the Pennsylvania Class that will materially advance the litigation include, without limitation:

   a. Whether Defendant employed Plaintiff and the Pennsylvania Class Members within the meaning of the Pennsylvania wage and hour laws;

      b. Whether Defendant failed to pay Plaintiff and the Pennsylvania Class overtime rates including the Site Allowance pay;

      c. Whether Defendant is liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursement, and attorneys' fees; and,

      d. Whether Defendant should be enjoined from continuing to violate the Pennsylvania wage and hour laws in the future.

44. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

45. Class certification of Plaintiff's Pennsylvania wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class a whole. The Members of the Pennsylvania Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Pennsylvania Class the wage to which they are entitled.

46. Class certification of Plaintiff's Pennsylvania wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT**
**(Brought on Behalf of Plaintiff and All Putative Collective Action Members)**

48. Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

49. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

51. At all relevant times, Defendant had a policy and practice of willfully failing to include the Site Allowance pay, in the "regular rate" used to calculate the overtime compensation owed to its Hourly Employees and all Collective Action Members.

52. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members for all wages earned and for wages earned at a rate not less than 1.5 times the regular rate of pay including Site Allowance pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

53. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment

8

insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### PENNSYLVANIA MINIMUM WAGE ACT: UNPAID OVERTIME WAGES
(Brought on Behalf of Plaintiff and All Members of the Pennsylvania Class)

55. Plaintiff, on behalf of himself and all Pennsylvania Class Members, realleges and incorporates by reference the preceding paragraphs.

56. At all relevant times, Plaintiff and Pennsylvania Class Members were employed by Defendant within the meaning of the PMWA, and Defendant was an employer within the meaning of PMWA.

57. The overtime wage provisions of the PMWA and its supporting regulations apply to Defendant.

58. Defendant willfully violated Plaintiff's rights and the rights of the Pennsylvania Class by failing to pay the overtime rate legally required of not less than one and one-half times their regular rate of regular pay plus Site Allowance pay for all hours worked by them in excess of 40 in a workweek in violation of the PMWA and its regulations.

59. As a result of Defendant's willful violations of the PMWA, Plaintiff and the Pennsylvania Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the PMWA.

60. Defendant's PMWA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR TRIAL BY JURY

61. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective and Class Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the Pennsylvania State Law Class as class actions pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Pennsylvania State Law Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

d. An award of unpaid overtime wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay plus the Site Allowance Pay;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and the PMWA;

f. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

    g.  An award of prejudgment and post-judgment interest;

    h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and,

    i.  Such other and further relief as this Court deems just and proper.

Dated: December 16, 2021                        Respectfully submitted,

                                        */s/ D. Aaron Rihn*
                                        D. Aaron Rihn, Esquire
                                        PA Bar I.D. No.: 85752
                                        Robert Peirce & Associates, P.C.
                                        707 Grant Street
                                        Suite 125
                                        Pittsburgh, PA 15219-1918
                                        Telephone: 412-281-7229
                                        Fax: 412-281-4229
                                        Email: arihn@peircelaw.com

                                        Nicholas A. Migliaccio, Esquire
                                        Jason S. Rathod, Esquire
                                        Migliaccio & Rathod LLP
                                        412 H Street N.E., Suite 302
                                        Washington, DC 20002
                                        Telephone: 202-470-3520
                                        Email: nmigliaccio@classlawdc.com
                                                  jrathod@classlawdc.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on this 16th day of December 2021 and is available for download by all counsel of record.

*/s/ D. Aaron Rihn*
D. Aaron Rihn, Esquire
PA I.D. No.: 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219
Tel: 412-281-7229
Fax: 412-281-4229
arihn@peircelaw.com
