# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAFAEL A. MOREL THEN, Individually and on
Behalf of All Other Persons Similarly Situated,        Civil Action No.: 2:20-cv-00800

       Plaintiff,                                        Hon. Christy Criswell Wiegand

v.

GREAT ARROW BUILDERS, LLC,

       Defendant.

## CLASS ACTION SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement" or "Settlement Agreement") is entered into on this 16th day of November 2021, between Plaintiff Rafael Morel Then ("Named Plaintiff"), on behalf of himself, the Collective, and Class, as defined below, and Defendant Great Arrow Builders, LLC ("Defendant") (collectively, the "Parties," and each individually, a "Party"), by and through their respective counsel, to resolve wage claims asserted in *Morel Then et al. v. Great Arrow Builders LLC*, Case No.: 2:20-cv-800 (W.D. Pa.) (the "Action").

**I.     RECITALS**

WHEREAS, on June 1, 2020, Named Plaintiff filed the Action in the United States District Court for the Western District of Pennsylvania ("Court") on behalf of himself and a putative class of similarly situated employees, in which Named Plaintiff alleged that Defendant failed to include the non-discretionary $14 per day Site Allowance pay in the "regular rate" used to calculate the overtime wages owed to Named Plaintiff and all similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"); and

WHEREAS, the purpose of this Agreement is to finally and fully compromise, resolve, discharge, and settle the Released Claims (defined *infra* Section V.B.2), and to the full extent reflected herein, subject to the approval of the Court.

NOW, THEREFORE, it is hereby stipulated, consented to, and agreed, by the Named Plaintiff for himself and on behalf of the Settlement Class and Settlement Collective (collectively, the "Settlement Class"), and by Defendant, that subject to the approval of the Court, the Action shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled and dismissed as to the Released Parties (defined *infra* Section V.B.2) (the "Settlement"), in the manner and upon the terms and conditions set forth in this Agreement.

**II.    SETTLEMENT CLASS AND COLLECTIVE**

A.     The "Settlement Class" shall include any Hourly Craft Union Worker employed by Defendant from November 26, 2018 to the present and whose wages were paid pursuant to the

terms of a labor agreements that required payment of the Site Allowance. Members in the Settlement Class are referred herein, individually or collectively, as "Settlement Class Member(s)."

B. Nothing herein shall be construed as an admission or acknowledgement by the Parties that any class or collective action treatment is either proper or improper in the Action, except for purposes of settlement. Neither the Agreement nor approval by the Court of the Agreement shall be admissible in any other proceeding regarding the propriety of class or collective action treatment.

## III. COMPROMISE ACKNOWLEDGMENT

A. The Parties and their respective counsel agree that this Agreement is entered into solely as a compromise with respect to disputed wage claims, and that this Agreement is not, and is not to be construed as, an admission of liability or a lack of liability. This Agreement shall not in any way be construed as an admission by Defendant that it has acted wrongfully with respect to the Named Plaintiff and Settlement Class Members, collectively or individually or to any other person, or that those individuals have any rights whatsoever against Defendant, and Defendant specifically disclaims any liability or wrongful acts against the Named Plaintiff and Settlement Class Members. Furthermore, the Parties agree that this Settlement does not constitute an adjudication of the merits of the action, or any other matters released in this Settlement. Accordingly, the Parties agree that none of them has prevailed on the merits, nor shall this Settlement serve or be construed as evidence that any Party has so prevailed or that Defendant or the Released Parties have engaged in any wrongdoing.

B. The Parties have engaged in fact investigation and formal and informal discovery of the claims and defenses in the Action, including analyzing the relevant law and payroll information. Relying upon their fact investigations and analyses, the Parties have engaged in arms-length settlement negotiations, including formal mediation with a neutral mediator.

C. Nothing in this Agreement or any action taken to implement it or any statements, discussions, communications, or materials prepared or used during the course of settlement negotiations shall be used in any other proceeding of any kind or be considered evidence of a violation of any federal, state, or local law, statute, rule, or executive order, or any obligation or duty at law or equity; however, the Agreement may be used in any proceeding that has as its purpose the interpretation or enforcement of the Agreement.

## IV. CERTIFICATION OF A COLLECTIVE AND CLASS ACTION FOR SETTLEMENT PURPOSES ONLY

A. For settlement purposes only, the Parties stipulate to the certification of a Settlement Class as detailed in the Proposed Third Amended Complaint that will be filed contemporaneously with the motion for preliminary approval.

B. Defendant agrees not to object to Named Plaintiff's request that Migliaccio & Rathod LLP and Robert Peirce & Associates, P.C., be appointed "Class Counsel" for purposes of this Agreement.

C. The certification of the Settlement Class, appointment of Named Plaintiff as "Class Representative," and appointment of Class Counsel by the Court will be binding on the Parties with respect to settlement of the Action only.

V. **TERMS OF THE SETTLEMENT AGREEMENT**

A. Settlement Amounts

1. Common Fund

In full consideration for the terms, conditions, and promises in this Agreement, Defendant agrees to fund a Common Fund not to exceed $2,725,000.00. The Common Fund amount includes all amounts to be paid by Defendant under this Agreement, including, without limitation, settlement wage payments to Settlement Class Members, attorneys' fees, litigation costs, interest, penalties, enhancement payments, taxes (including the employer's share of payroll taxes), and Third-Party Administrator (defined *infra* Section V.A.4) payments and costs. The Common Fund amount is the maximum amount that Defendant is obligated to pay under this Agreement. In no event shall Defendant be required to pay more than the Common Fund amount in complete satisfaction of all its obligations under this Agreement.

2. Attorneys' Fees and Litigation Costs

a. Defendant agrees not to oppose a request by Class Counsel for reasonable attorneys' fees and litigation costs, specifically fees of $908,333.33 (representing 33 1/3 percent of the Common Fund) and costs of $ 3,622.12. Class Counsel agrees that they will not seek attorneys' fees and reimbursement of litigation costs in excess of these amounts. Class Counsel further agrees that any allocation of fees between or among Class Counsel and any other attorney representing any member of the Settlement Class shall be the sole responsibility of Class Counsel. Class Counsel's attorneys' fees and litigation costs shall be paid solely from the Common Fund.

b. Within 35 days after an Order by the Court granting final approval of this Agreement without any appeal being filed ("Effective Date"), Defendant shall deposit the amount due of the Settlement Fund of $2,725,000.00. Upon deposit, the Third-Party Administrator shall be immediately authorized to distribute attorneys' fees and litigation costs to Class Counsel and Service Awards to the Named Plaintiff and pre-notice opt-in Joshua Smith (defined *infra* Section V.A.3).

3. Named Plaintiff and Pre-Notice Opt-in Service Awards

Defendant agrees not to oppose Named Plaintiff's request for approval of a Service Award out of the Common Fund of up to $10,000.00 for his service as Class Representative. Further, Defendant agrees not to oppose Named Plaintiff's request for approval of a Service Award out of the Common Fund of up to $10,000 for pre-notice opt-in Joshua Smith (the "Pre-Notice Opt-In "). If these payments (referred collectively as "Service Awards") are approved by the Court, the Enhancement Payment shall be treated as non-wage income and shall be included on the IRS form 1099 issued to Named Plaintiff and the Pre-Notice Opt-In.

      4.      Responsibilities and Costs of Third-Party Administrator

The "Third-Party Administrator" will be an entity selected by Named Plaintiff and approved by Defendant to administer the Settlement, including without limitation being responsible for: researching and updating addresses through skip-traces and similar means; reporting on the status of the administration of the Settlement to the Parties; resolving any settlement payment dispute, in concert with the counsel for the Parties; providing the Parties with all necessary data; setting up, administering and making payments from the Common Fund; distributing settlement payments and withholding therefrom applicable payroll taxes, including the employer's share of taxes, and remitting such funds to the appropriate taxing authorities, along with any associated tax reporting, return and filing requirements; and performing such additional duties as the Parties may mutually direct. The Third-Party Administrator will also calculate the settlement allocation for each Settlement Class Member. The actions of the Third-Party Administrator shall be governed by the terms of the Settlement Agreement.

The total administrative costs of the Third-Party Administrator shall include all costs necessary to administer the Settlement, shall not exceed $63,653 and shall be paid from the Common Fund.

All disputes relating to the Third-Party Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

      5.      Employer Payroll Taxes

The employer share of FICA, FUTA, SUTA, Medicare and any other applicable payroll taxes for the payment amounts allocated to Settlement Class Members shall be paid from the Common Fund.

      6.      Payment Amounts to the Settlement Class Members

      a.      The Common Fund amount, less all amounts allocated to attorneys' fees, litigation costs, the Enhancement Payments, costs of the Third-Party Administrator, and employer payroll taxes, as described in paragraphs V.A.2–V.A.5, will be allocated among the Settlement Class on an even *pro rata* basis based on the number of qualifying weeks worked by each member of the Settlement Class during the time period covered by this Agreement. For Settlement Class Members, the Settlement Class Period extends from November 26, 2018 to the date of Final Approval Order. If any member of the Settlement Class did not work a full workweek during the time period covered by this Agreement, he or she shall be treated for purposes of this Agreement as if he or she had worked a full workweek.

      b.      Defendant's payroll records will be used to determine the number of workweeks. Defendant will provide the Third-Party Administrator with a complete list of Settlement Class Members and the number of relevant workweeks for each person. The Third-Party Administrator will calculate the amounts to be allocated to each member of the Settlement Class as described in paragraph V.A.6.a.

     c. Settlement payments made to Settlement Class Members will be allocated 100 percent to wages.

     d. The appropriate withholding of federal, state, and local income taxes, each Settlement Class Member's share of FICA, FUTA, SUTA, Medicare, and any other payroll taxes including backup withholding, if required, will be made from the settlement payments to Settlement Class Members. The Third-Party Administrator will also issue an IRS form W-2 to all Settlement Class Members at the times and in the manner required by the Internal Revenue Code of 1986 and consistent with this Agreement. If the Internal Revenue Code, the regulations issued thereunder, or other relevant tax laws change after the Effective Date, the processes in this subparagraph may be modified in a manner to ensure compliance with such changes. The Third-Party Administrator will be solely responsible for all withholdings.

     e. Each Settlement Class Member will be solely responsible for the payment of taxes (federal, state, and local) owed by the Settlement Class Member as a result of any consideration received under this Agreement.

  B. <u>Waiver And Release</u>

    1. In exchange for the Settlement Amounts and the other good and valuable consideration provided pursuant to the terms of this Agreement, the Named Plaintiff and Settlement Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims for unpaid wages, overtime, failure to pay timely wages, retaliation, and other compensation, fees/costs, liquidated damages, penalties, and all other relief under the FLSA, PMWA and all other state and local wage/hour and wage payment laws and common law theories as it relates to the calculation of the non-discretionary $14 per day Site Allowance arising or accruing prior to the date of the Order granting final approval of the Settlement that they have or may have, whether known or unknown (the "Released Claims"), against Defendant, including its former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, subsidiaries, and affiliates (the "Released Parties").

    2. Upon final approval of the Agreement by the Court, execution of the Agreement by Class Counsel shall fully effectuate the release provisions herein to which each Settlement Class Member is bound.

  C. <u>Court Approval and Notice Process</u>

    1. <u>Preliminary Approval and Notice to Class Members</u>

     a. Plaintiff agrees to submit a joint motion for preliminary approval of the settlement and proposed Order granting preliminary approval by November 22, 2021.

     b. Within 10 business days after the Court enters an Order preliminarily approving the terms of this Agreement, Defendant shall provide Class Counsel and the Third-Party Administrator with the final list of Settlement Class Members agreed to by the Parties. The list shall include the name, last known address, email address (if available), telephone number, social security number, and weeks (partial or full) worked during the Settlement Class

Period for each member of the Settlement Class. The last known telephone number is provided to the Third-Party Administrator solely for purposes of confirming or finding addresses. Class Counsel may also provide address information to the Third-Party Administrator.

    c. Within 30 days after preliminary approval of this Agreement, the Third-Party Administrator shall mail via first class United States mail a Notice of Preliminary Approval to each Settlement Class Member. Prior to sending the Notice by first-class mail, the Third-Party Administrator shall run a National Change of Address ("NCOA") database search for the addresses and make any necessary updates. The proposed notice to the Class, which will include the amounts that each Class Member will receive if he or she makes a claim, is attached to the Agreement as Exhibit A.

    d. The Third-Party Administrator is solely responsible for sending the Notice of preliminary approval to the Settlement Class.

    e. Defendant agrees that a Settlement Notice will be sent to all individuals who worked for Defendant as hourly non-exempt employees and whose labor agreement called for them to be paid the Site Allowance. Except for individuals who opt-out of the Settlement, all Settlement Class Members will be sent a check, without the need to submit a claim.

- Notice Form: Class Counsel will draft a Notice Form to be submitted to putative Settlement Class Members by both first-class mail and e-mail where available. The notice shall include, among other things, the formula that will be used to calculate his/her individual settlement payment and an example of the calculation. Any disputes regarding the contents of the Notice that cannot be resolved by the Parties shall be submitted to the Court.

- Website Postings: Class Counsel shall post information about the settlement on their firms' websites, including but not limited to all applicable deadlines, the Agreement, Collective Action Settlement Notice, all papers filed by the Parties in support of this Agreement (including Named Plaintiff's anticipated Motion for attorneys' fees and expenses), and orders of the Court pertaining to this Agreement.

    f. During the Notice Period, the Settlement Website ([www.gabwagesettlement](www.gabwagesettlement)) will contain information relevant to Settlement Class Members, as approved by the Parties, including but not limited to all applicable deadlines, Class Notice, and contact information for reaching the Third-Party Administrator via a toll-free telephone number, e-mail and U.S. mail.

    g. Prior to the dissemination of the Class Notice, the Third-Party Administrator shall establish a toll-free telephone number that will provide Settlement-related information, approved by the Parties, to Settlement Class Members, pursuant to the terms and conditions of this Agreement. Settlement Administration Expenses include the costs associated with maintenance of this toll-free telephone number.

    h. For any notices and consent forms returned "undeliverable," the Third-Party Administrator will use available databases, in an effort to find Settlement Class Members whose preliminary approval notices were returned and will re-mail the notice within five (5) days of obtaining a more current address. Class Counsel are free to provide address information to the Third-Party Administrator at any time.

    i. The Notice of Preliminary Approval shall explain that any Eligible Settlement Class Member or Original Opt-In who wants to opt out of the Settlement Class in accordance with Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(4) must submit a written request to the third-party administrator within forty-five (45) days of the initial mailing of the Notice. The third-party administrator shall provide copies of any opt-out requests to Class Counsel. Class Counsel shall be responsible for promptly filing any opt-out requests. Any Settlement Class Member who requests to opt-out of the settlement will not receive a settlement payment.

    j. If the total number of Class Members who opt out of the Settlement Class by submitting valid and timely opt-out request exceeds twenty percent (20%) of the total number of Settlement Class Members, Defendant may in its sole discretion rescind the Settlement by giving written notice to Class Counsel within twenty-one (21) calendar days after the deadline for submitting an opt-out request.

    k. The Notice of Preliminary Approval sent to Settlement Class Members also shall explain that any Settlement Class Member may object to the settlement by submitting objections to the Court and serving them upon counsel of record, no later than forty - five (45) days after the initial mailing of the Notice of Preliminary Approval. Objections must state the basis and, if the objector intends to appear at the final approval hearing, he or she must state such fact and further state the purpose of the appearance. The Parties shall be permitted to respond in writing to objections within the time period set by the Court in its Order granting preliminary approval.  Settlement Class Members who fail to file and serve timely objections shall be deemed to have waived objections to the settlement and shall be foreclosed from making any objections. By failing to make timely objections to the settlement, Settlement Class Members also shall be foreclosed from appealing any aspect of the settlement after the Court's final approval.

    a. The Parties shall cooperate fully to promptly resolve any issues identified by the Third-Party Administrator regarding notice to Settlement Class Members, the administration of the settlement and disbursement of settlement payments, and any other issues related to the Third-Party Administrator's duties under this Agreement.

    b. Pursuant to 28 U.S.C. § 1715(b), within ten (10) days after the Parties file their Motion for Preliminary Approval, Defendant shall serve a notice of the proposed settlement on the appropriate federal and state officials.

  2. <u>Final Approval</u>

    a. Within 14 days after the closure of the 90-day notice period, Named Plaintiff will move for final approval of the settlement. The Parties shall take all necessary actions to secure final approval of the Agreement.

    b. In the event this Agreement is not approved by the Court and the Parties cannot revise the Agreement in order to obtain approval, the Agreement shall be null and void in its entirety, unless expressly agreed to in writing by the Parties.

  D. <u>Common Fund</u>

    1. Within ten (10) days after the engagement of the Third-Party Administrator, Great Arrow Builders, LLC shall deposit $28,505 of the Common Fund to be held in escrow in an account designated by the Third-Party Administrator to cover the initial costs and expenses of the Third-Party Administrator.

    2. On the Effective Date or reasonably thereafter, Defendant will fund the remainder of the Common Fund as set forth in V.2.B.

    3. The Common Fund will be used to make all required payments under this Agreement, including the employer's share of payroll taxes.

    4. The Parties agree to treat the Common Fund as a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1. In addition, the Parties will jointly and timely make the "relation back election" to the earliest permitted date, as provided in Treas. Reg. Section 1.468B-1(j)(2). Such election will be made in compliance with the procedures and requirements set forth in such Treasury regulations. The Third-Party Administrator is solely responsible for preparing and delivering the necessary documents for signature by the Parties and making the appropriate filing.

    5. For purposes of Internal Revenue Code of 1986 Section 468B(d)(2)(C) and Treas. Reg. Section 1.468B-2(k)(3), the Third-Party Administrator will be comprised of "persons a majority of whom are independent of the taxpayer," will be the qualified "administrator," and will timely and properly file all information and other tax returns necessary or available with respect to the settlement amounts including, without limitation, the returns described in Treas. Reg. Sections 1.468B-2(k)(1) and 1.468B-(2)(l). The returns will be consistent with this Agreement and in all events will reflect that all taxes, including any estimated taxes, interest, or penalties arising with respect to the income earned by the Final Settlement Amount, will be paid out of the Final Settlement Amount. All taxes, expenses, and costs incurred relating to the operation and implementation of this paragraph, including, without limitation, any expenses of tax counsel or accountants and mailing costs and expenses relating to the filing or failing to file any returns ("tax expenses") will be paid out of the Final Settlement Amount and income earned on this amount. Taxes and tax expenses will be treated as, and considered to be, a cost of administering the individual settlement amounts and the qualified Third-Party Administrator will be obligated to withhold from individual settlement amounts any funds necessary to pay such taxes and tax expenses and any taxes that may be required to be withheld pursuant to Treas. Reg. Section 1.468B-2(l)(2).

  E. <u>Delivery of Settlement Checks</u>

    1. Within seven (7) days after the end of the Notice Period, the Third-Party Administrator shall provide the Parties with the final list of Settlement Class Members for whom payment must be made ("Participating Class Members"). The list shall include the following for

each Participating Class Members: (a) full name; (b) last known address; (c) phone number; (d) email address; (e) social security number; and (f) settlement payment amount based upon the formula in paragraph V.A.6.

        2.      The Third-Party Administrator shall mail settlement checks to Participating Class Members within ten (10) business days after the Effective Date. For any Participating Class Member whose settlement check is returned as undelivered, the Third-Party Administrator shall take reasonable steps to locate the Participating Class Members and re-mail the check. Class Counsel may assist in seeking to locate a Participating Class Members whose settlement check was returned as undeliverable.

        3.      Settlement checks that are not presented for payment within three-hundred and sixty-five (365) days of the mailing date shall be transmitted by the Third-Party Administrator as a *cy pres* distribution to the Pennsylvania Legal Aid Network. The Third-Party Administrator shall provide notice to counsel for the Parties of transmittal of any unclaimed funds. The Third-Party Administrator shall issue for each Participating Class Member an IRS form W-2 showing the wages paid.

## VI.   GENERAL PROVISIONS

    A.    Parties' Authority

        1.      The signatories to this Agreement represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions of the Agreement.

        2.      The Parties acknowledge that throughout negotiations they have been represented by counsel experienced in wage and hour class litigation and that this Agreement is made with the consent and approval of counsel who have prepared the Agreement.

    B.    Mutual Full Cooperation

The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of the Settlement, which includes meeting the deadlines set forth herein. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. To that end, the Parties agree to cooperate fully and reasonably to prepare and execute a Settlement Agreement that will be filed with the Court.

    C.    Disputes Related to the Settlement Agreement

The Parties agree that if any disputes arise out of the finalization of the settlement documentation or of the settlement itself, those disputes are to be decided by Ms. Carole Katz or by the Judge presiding over the Action, should Ms. Katz be unavailable.

D. <u>Modification</u>

This Agreement and its exhibits may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.

E. <u>Entire Agreement</u>

Except with respect to any terms or statement of settlement stated in the court record, this Agreement and its exhibits constitute the entire agreement between the Parties concerning the subject matter hereof and embody the agreed-upon terms of Settlement and the terms set forth in the handwritten Term Sheet signed by Counsel for Defendant and Class Counsel on July 27, 2021. No extrinsic evidence of any kind shall modify or contradict the terms of this Agreement.

F. <u>Voiding the Agreement</u>

1. In the event this Agreement is not approved by the Court, or if final approval is reversed by an appellate court, the Parties will seek in good faith to revise the Agreement as needed to obtain Court approval, provided, however, that no Party may use subsequent legal developments or other intervening events, other than the decision(s) denying or reversing approval of the Agreement, as justification for renegotiating the settlement.

2. Notwithstanding paragraph VI.H.1, if the Court rejects any portion of paragraphs VI.E.1 and VI.E.2, the Parties agree that such portions shall be removed from the Agreement or modified in a manner consistent with the Court's ruling. The enforceability of the remainder of the Agreement shall not be affected by such removal or modification.

3. If judicial approval of the Agreement is otherwise denied, the Parties shall attempt to reach agreement on provisions rejected by the Court for a period not less than forty-five (45) days after the date on which approval is denied. The Parties shall file a Joint Motion for a Stay of the Proceedings during the forty-five (45) day period.

4. Failing any of the above, the Parties will be restored to their respective places in the litigation. In such event, the terms and provisions of this Agreement will have no further force or effect; the Parties' right and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed; and any orders entered by the Court in connection with this Agreement will be vacated.

G. <u>Dismissal with Prejudice</u>

The Final Approval Order shall provide for dismissal with prejudice of the Action.

H. <u>Counterparts</u>

This Agreement may be executed in counterparts, and when each Party has executed at least one counterpart, the counterpart will be deemed an original, and when taken together, the counterparts will constitute one Agreement, which shall be binding and effective as to all Parties.

I.  Binding on Assigns and Successors

This Agreement shall be binding upon, and inure to the benefit of, the Parties, and their respective heirs, trustees, executors, successors, legal administrators, and assigns.

J.  Enforcement of this Agreement and Continuing Jurisdiction

The Court possesses exclusive and continuing jurisdiction over this Settlement Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement this Settlement Agreement. The Court shall have exclusive jurisdiction to resolve any disputes involving this Settlement Agreement.

In witness hereof, the Parties and their duly authorized representatives have executed this Agreement below.

Dated: November 16, 2021

MIGLIACCIO & RATHOD LLP
Nicholas A. Migliaccio
Jason S. Rathod
412 H St NE, Suite 302
Washington D.C. 20002
Telephone: (202) 470-3520

D. Aaron Rihn, Esquire
PA Bar ID No.: 85752
Sara N. Watkins, Esquire
Robert Peirce & Associates, P.C.
707 Grant Street, Suite 2500
Pittsburgh, PA 15219-1918
(412) 281-7229
arihn@peircelaw.com

*Counsel for Plaintiff and the Settlement Class*

Dated: November 11, 2021

James S. Urban, Esq.
PA Bar ID No.: 82019
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Tel: 412.391.3939
Fax: 412.394.7959
jsurban@jonesday.com

*Counsel for Defendant*

Dated: November 11/16, 2021

Rafael Morel (Nov 16, 2021 14:42 EST)

Rafael Morel Then

*Plaintiff*

Dated: November 11, 2021

Great Arrow Builders, LLC

*Defendant*