IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAFAEL A. MOREL THEN                    )
                                        )
            Plaintiff,                  )          2:20-CV-00800-CCW
                                        )
      v.                                )
                                        )
GREAT ARROW BUILDERS, LLC,              )
                                        )
                                        )
            Defendant.                  )
                                        )

**<u>MEMORANDUM OPINION</u>**

Before the Court is the Plaintiff's Unopposed Motion for Preliminary Approval and Provisional Settlement Class Certification. *See* ECF No. 61. For the reasons that follow, the Motion will be GRANTED.

**I.     Background**

In brief, Plaintiff Rafael Morel Then claims that Defendant Great Arrow Builders, LLC, violated the Fair Labor Standards Act ("FLSA") (Count I of the Third Amended Complaint) and the Pennsylvania Minimum Wage Act ("PMWA") (Count II of the Third Amended Complaint) by failing to include a "Site Allowance" in the "regular rate" it used to determine overtime compensation. *See* ECF No. 62-1. He brings his FLSA claim as a collective action, and his PMWA claim as a putative class action under Fed. R. Civ. P. 23. *Id.*

The parties stipulated to conditional certification of the FLSA claim as a collective action under § 216(b) of the FLSA after a period of discovery. *See* ECF Nos. 40, 43. The parties then proceeded to mediation, through which they reached a settlement that will resolve the claims of Plaintiff and the putative class and collective action members. *See* ECF Nos. 45 (Report of Mediation), 48 (Joint Status Report). Notice to potential opt-in members of the FLSA collective

was never disseminated by the parties.  *See* ECF No. 43 at 2–3 (approving parties' plan to defer

dissemination of FLSA opt-in notice until after the parties' scheduled mediation session).

After resolving additional issues related to effectuating the settlement agreement, *see, e.g.,*

ECF No. 56 (describing issue related to potentially unclaimed settlement funds), Plaintiff

submitted the instant unopposed Motion seeking preliminary approval of the proposed class-action

and collective action settlement.  In his Motion, Plaintiff seeks an order:

> (1) entering the proposed Third Amended Complaint ("TAC") …; (2) certifying a
> class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only;
> (3) approving the Parties' proposed class member notice; (4) preliminarily
> approving the settlement memorialized in the Settlement Agreement ("Settlement
> Agreement"); and (5) enjoining settlement class members from initiating lawsuits
> and staying any pending lawsuits relating to the overtime issues raised in the
> proposed TAC.

ECF No. 62 at 2.  Before addressing preliminary settlement approval and class certification, the

Court will grant Plaintiff's unopposed request for leave to file a Third Amended Complaint.  *See*

Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

The Court finds that good cause exists to docket Plaintiff's Third Amended Complaint, which

reasserts the previously removed PMWA claim, *see* ECF No. 24, as contemplated by the parties,

*see* ECF No. 39, because the Third Amended Complaint clarifies the Rule 23 class component of

this action and is a component of the parties' settlement agreement.  *See* ECF No. 62-2 at 2.

## II.    Standard of Review

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for

purposes of settlement—may be settled…only with the court's approval."  Fed. R. Civ. P. 23(e).

Furthermore, where the settlement would bind class members, "the court may approve [the

settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate."  Fed.

R. Civ. P. 23(e)(2).  Accordingly, "when a district court is presented with a class settlement

agreement, the court must first determine that 'the requirements for class certification under Rule

23(a) and (b) are met, and must separately "determine that the settlement is fair to the class under [Rule] 23(e)."'" *In re NFL Players Concussion Injury Litig.* ("*NFL II*"), 775 F.3d 570, 581 (3d Cir. 2014) (quoting *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011)).

Courts in the Third Circuit generally follow a two-step process for approval of class settlements. First, "the parties submit the proposed settlement to the court, which must make 'a preliminary fairness evaluation.'" *In re NFL Players' Concussion Injury Litig.* ("*NFL I*"), 961 F. Supp. 2d 708, 713–14 (E.D. Pa. 2014) (quoting *Manual for Complex Litigation (Fourth)* § 21.632 (2004) ("*MCL*")). At the preliminary approval stage,

> [T]he bar to meet the "fair, reasonable and adequate" standard is lowered, and the court is required to determine whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval."

*NFL I*, 961 F.Supp.2d at 714. According to the United States Court of Appeals for the Third Circuit, there is "an initial presumption of fairness when the court finds that (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig*., 55 F.3d 768, 785 (3d Cir. 1995).[1]

Even though there is a "strong presumption" in favor of class settlements, *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595–96 (3d Cir. 2010), "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *NFL I*, 961 F.Supp.2d at 714 (citation omitted).

---

[1] At the final approval stage, a more demanding test applies, requiring the Court to examine the so-called *Girsh* factors: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. *In re GMC*, 55 F.3d at 785 (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

As such, "[j]udicial review must be exacting and thorough," *id.* (quoting *MCL* § 21.61), such that "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Zimmerman v. Zwicker & Assocs., P.C.*, No. 09-3905 (RMB/JS), 2011 U.S. Dist. LEXIS 2161, at *7 (D.N.J. Jan. 10, 2011) (citation omitted); *see also*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) ("In cases such as this, where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously, we require district courts to be even 'more scrupulous than usual' when examining the fairness of the proposed settlement.").

If approval of the proposed class settlement is sought contemporaneously with certification of the class—that is, when the parties agree to a class-wide settlement "before the district court has issued a certification order under Rule 23(c)"—"'the certification hearing and preliminary fairness evaluation can usually be combined.'" *NFL II*, 775 F.3d at 582 (quoting *MCL* § 21.632). When doing so,

> The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).… If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.* (quoting *MCL* § 21.632) (internal citation omitted). Thus, a district court may preliminarily certify a class under Rule 23(e) to facilitate notice to absent class members, fairly and efficiently resolve litigation, and preserve the resources of the court and the litigants, "allow[ing] the parties to forgo a trial on the merits, which often leaves more money for the resolution of claims." *Id.* at 583.

Finally, with respect to the FLSA claim at issue in this case, a district court may approve a proposed settlement of an FLSA collective action "if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *In re Chickie's & Pete's Wage & Hour Litig.*, Civil Action No. 12-6820, 2014 U.S. Dist. LEXIS 30366, at *6 (E.D. Pa. Mar. 7, 2014) (quoting *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012)). "The Court will approve a settlement of FLSA claims if it settles a bona fide dispute and '(1) the settlement is fair and reasonable for the employee(s), and (2) the agreement furthers the FLSA's implementation in the workplace.'" *Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020) (quoting *Howard v. Phila. Hous. Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016)).

## III.   Analysis

### A.   The Court Will Preliminarily Approve the Proposed Settlement

Applying the *GMC* factors, the proposed settlement here was reached in the context of mediation before a third-party neutral;  thus, it appears to have been the product of arm's length negotiations.  ECF No. 45;  ECF No. 62 at 3.  Next, the proposed settlement was reached after the parties conducted an initial phase of discovery aimed at conditional certification of the FLSA collective, which, although not full-blown merits discovery, allowed the parties sufficient opportunity to evaluate the claims, defenses, and potential range of damages in this case.  ECF No. 62 at 3.  Third, the parties are represented by competent counsel experienced in complex litigation. ECF No. 62 at 12;  ECF No. 62-4;  ECF No. 62-5.  Fourth, because a class has not yet been certified, the fourth *GMC* factor—the fraction of class members objecting to the settlement— cannot be evaluated at this point.  On balance, the *GMC* factors weigh in favor of preliminary approval, such that an initial presumption of fairness attaches.

Next, after its initial review of the parties' submissions, the Court directed the parties to provide supplemental filings establishing that the proposed settlement "falls within the range of reason." ECF No. 63 (quoting *Zimmerman*, 2011 U.S. Dist. LEXIS 2161, at *7). Specifically, the Court highlighted that

> of the $2,725,000 settlement amount, about $1,597,093 will be available to the 12,000 putative class members (or about $133 per putative class member). Furthermore, the Court notes that, pursuant to the distribution method contemplated by the proposed settlement, each settlement class member would receive a pro rata share of the settlement amount, with each class member's share calculated as the "Dollar Value for Each Week" multiplied by the "Class Member's Weeks Worked." The proposed notice discloses that the putative settlement class has "worked an approximate, combined total of 593,812 weeks" and states that the "total number of weeks will be recalculated" to include additional weeks worked through final approval of the proposed settlement. At present, the per-week-worked value for each putative class member is approximately $2.70 (i.e., $1,597,093 divided by 593,812 weeks).

*Id.* The Court directed the parties to provide additional information because, "while Plaintiffs' Motion articulates certain considerations that factored into the parties' negotiations[–]e.g. availability of certain defenses, potential offsets to damages, etc.," the Court needed additional information to properly evaluate "(1) the range of potential recovery for the class and (2) the nature and extent of any alleged offsets." *Id.*

In response, the parties filed a supplemental brief detailing the potential recovery in this case, including specific information about the parties' efforts to evaluate the merits of the claims and defenses, their consideration of the potential effect of contractual premiums already paid by Defendant on each class member's individual recovery (the "offsets" noted above), and consideration of reductions for "employer-side taxes, attorney fees, administrative costs, and representative payments to Plaintiff and [opt-in Plaintiff Joshua] Smith." ECF No. 64 at 9. In summary, the supplemental information provided by the parties indicates that before application of any offsets, "the wages potentially due to each Class Member would be $4.76 in the average

workweek." *Id.*  And, "[i]n the Parties' pre-mediation sampling of 100 Class Members, the Parties found that 46 percent of wages due would be offset by contractual premiums already paid by [Defendant], reducing the average wages due to $2.57." *Id.*  Thus, "*after* employer-side taxes, attorney fees, administrative costs, and representative payments to Plaintiff and Smith, the average regular-rate adjustment due to class members would be $2.52 per week, which is 98 percent of what they would receive after application of the offsets." *Id.* (emphasis original).  Additionally, "Class Members would receive $2.52 for any work week, including the 27 percent (on average) of those work weeks in which they did not work more than 40 hours." *Id.*

Having reviewed and evaluated the parties' submissions, the Court finds that, for purposes of preliminary approval, the proposed settlement appears to be "fair, reasonable and adequate." Furthermore, the Court finds that, with respect to the FLSA claims, the proposed settlement is a reasonable resolution of bona fide disputes, including, for example, "the proper regular rate of pay for purposes of calculating overtime [and] whether Defendant's conduct was willful."  ECF No. 62 at 13.

The parties' proposed release of claims does merit some additional discussion.  The release, *see* ECF No. 62-2 at 5, would bind settlement class members who do not affirmatively opt-out of the settlement to the release of FLSA claims that they have not opted-in to in the first place, *see Knight v. Pub. P'ships, LLC,* No. 19-2461, 2020 U.S. Dist. LEXIS 118596, at *7 (E.D. Pa. July 7, 2020) ("Notably, in a Rule 23 class action, a prospective party plaintiff is automatically included in the class unless he 'opt[s]-out of the class upon notice of the action.'  However, 'prospective class members in a FLSA collective action must affirmatively opt-in to be bound by any judgment.'") (citations omitted).  Although the United States Court of Appeals for the Third Circuit has not yet spoken on this issue, there appears to be support from other Courts of Appeals

for the proposition that opt-in FLSA claims may properly be released through an opt-out class settlement. *See Richardson v. Wells Fargo Bank, N.A.,* 839 F.3d 442 (5th Cir. 2016); *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106 (9th Cir. 2018); *see also Simmons v. Trans Express Inc.*, No. 19-438, 2021 U.S. App. LEXIS 32032 (2d Cir. Oct. 26, 2021). Prior statements from the Third Circuit on the preclusive effect of judgments in class action cases (which includes court-approved settlements) suggest that it would concur with the Fifth and Ninth Circuits in determining that, in certain circumstances, FLSA claims may be released through an opt-out class settlement. *See In re Prudential Ins. Co. of Am. Sales Practice Litig.,* 261 F.3d 355, 366 (3d Cir. 2001) ("It is now settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action."). Here, the Court concludes that the parties' release is acceptable, particularly because the proposed notice appears to fully inform settlement class members of what they must do to opt-out of the settlement and preserve any FLSA claim they might have with respect to the Site Allowance. *See* ECF No. 62-3 at 4–5. However, because of the possible friction between the FLSA's opt-in and Rule 23's opt-out procedures as they relate to the proposed settlement here, the Court will provide the parties with an opportunity to confer and submit an amended proposed settlement and/or notice form for approval, if they believe some revision to the proposed settlement agreement and/or supplemental notice is necessary or appropriate. *See Caddick v. Tasty Baking Co.,* No. 2:19-cv-02106-JDW, 2021 U.S. Dist. LEXIS 206991, at *6–7 (E.D. Pa. Oct. 27, 2021) (noting court's approval of supplemental notice to opt-in FLSA settlement plaintiffs).

Because "there are no obvious deficiencies and the settlement falls within the range of reason," *Zimmerman*, 2011 U.S. Dist. LEXIS 2161 at *7, and because the proposed settlement appears to be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," *In*

*re Chickie's* 2014 U.S. Dist. LEXIS 30366, at *6, Plaintiff's Motion for Preliminary Approval will be granted.

### B.    The Court Will Provisionally Certify a Settlement Class

For purposes of the proposed settlement, "the parties have stipulated, for settlement purposes only" to a class defined as follows:

> All current and former Hourly Craft Union Workers employed by Defendant at any time from November 26, 2018 until the date the Court enters an order preliminarily approving this settlement and whose wages were paid pursuant to the terms of a labor agreement that required payment of a Site Allowance (the "Settlement Class Members").

ECF No. 62 at 13.

The parties agree that the proposed class "includes more than 12,000 individuals;" and therefore, Rule 23(a)'s numerosity requirement appears to be satisfied. *Id.* at 15 (citing *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001) (generally accepted that class of 40 or more is sufficient to meet numerosity requirement)).   In addition, the Court concludes for purposes of preliminary certification that the proposed class is ascertainable, given that each potential class member is identifiable through records kept by the Defendant. *See Byrd v. Aaron's Inc.*, 784 F.3d 154, 162–63 (3d Cir. 2015) (ascertainability requirement met if "(1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'") (citation omitted).

Next, the typicality requirement appears to be satisfied because "Plaintiff and every Class Member share the same interest of recovering their allegedly unpaid overtime wages based on the same legal theory:  that Defendant's failure to include Site Allowance payments in its overtime calculations violated the FLSA and PMWA." *Id.* at 17;  *see also In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 427–28 (3d Cir. 2016) (the typicality requirement "ensures the interests

of the class and the class representatives are aligned so that the latter will work to benefit the entire class through the pursuit of their own goals.") (cleaned up).

The Court further concludes, for purposes of preliminary class certification, that Plaintiff and Plaintiff's counsel will adequately represent the class. *See In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200, 218 (M.D. Pa. 2012) ("According to the Third Circuit, Rule 23(a)(4) adequacy is satisfied by showing that (1) Class Counsel is competent and qualified to conduct the litigation;  and (2) class representatives have no conflicts of interests.") (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d. Cir. 2007)).   Indeed, as Plaintiff notes, "Plaintiff's counsel is qualified, experienced, and generally able to conduct this litigation on behalf of the proposed class. Moreover, the proposed class representatives do not have interests that are antagonistic to other Class Members."  ECF No. 62 at 17;  ECF No. 62-4;  ECF No. 62-5.

Next, because Plaintiff seeks preliminary certification of the proposed class pursuant to Rule 23(b)(3), the Court will consider Rule 23(a)'s commonality and Rule 23(b)(3)'s predominance requirements together.  *See Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 185 (3d Cir. 2019) ("'[W]here an action is to proceed under Rule 23(b)(3), the commonality requirement is subsumed by the predominance requirement.'") (citation omitted).   And, "the predominance requirement is met only if the district court is convinced that 'the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members.'"  *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127–28 (3d Cir. 2018) (internal citation and quotation omitted).   Here, that requirement is met because all members of the putative class "were subject to the same uniform job expectations, standardized training materials, and operational protocols including guidelines surrounding Site Allowance

payments" and all putative class members "were subjected to standardized payroll and timekeeping practices." ECF No. 62 at 18.

Finally, Rule 23(b)(3)'s superiority requirement "'asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533–34 (3d Cir. 2004) (quoting *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 316 (3d Cir. 1998)). The Court finds that superiority is met here because, as plaintiff points out:

> there is no evidence that the putative class members have any interest in maintaining this litigation in separate actions. Second, the benefits of concentrating the claims in this court through the class action mechanism are evident because Defendant consents to the Court's jurisdiction, and many witnesses and class members are located in this district.

ECF No. 62 at 19 (applying Rule 23(b)(3)(A)–(C) superiority factors). And, given the posture of this case—i.e. proposed settlement—the Court also finds that there are not likely to be "difficulties in managing" the action. Fed. R. Civ. P. 23(b)(3)(D); *see also Amchem Prods. v. Windsor,* 521 U.S. 591, 620 (1997) (noting that "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.").

Accordingly, the Court concludes that the proposed settlement class meets the criteria set forth in Rule 23(a) and Rule 23(b)(3) such that dissemination of notice, as proposed by the parties, *see* ECF No, 62-1, is appropriate in this case.

## IV. Conclusion

For the foregoing reasons, the Court will enter an Order (1) granting Plaintiff leave to file his Third Amended Complaint, and deeming it to have been filed as docketed at ECF No. 62-1; (2) preliminarily approving the parties' proposed settlement; (3) preliminarily certifying a class under Rules 23(a) and (b)(3) for settlement purposes only, pursuant to

Rule 23(e);   (4) approving the parties' proposed form of notice;   and (5) enjoining settlement class members from initiating lawsuits and staying any pending lawsuits against Defendant relating to the overtime issues raised in the Third Amended Complaint.

DATED this 23rd day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record